UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN FINCH, MARC WERNER, and DONNA WERNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br><br>Defendant. | Civil No. 14-1694 (NLH/KMW)<br><br>**MEMORANDUM OPINION & ORDER** |

**APPEARANCES**:[1]

PETER A. MUHIC
SAMANTHA E. JONES
TYLER STEPHEN GRADEN
KESSLER TOPAZ MELTZER & CHECK, LLP
280 KING OF PRUSSIA RD
RADNOR, PA 19087
     On behalf of plaintiffs

PETER J. LEYH
BRAVERMAN KASKEY P.C.
ONE LIBERTY PLACE, 56TH FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103-7334
     On behalf of defendant

**HILLMAN**, District Judge

     Presently pending before the Court is the motion of defendant, PHH Mortgage Corporation, to dismiss the putative class action claims[2] brought by plaintiffs Kevin Finch, Marc

---

[1] Not including counsel admitted *pro hac vice*.

[2] Plaintiffs assert that this Court has jurisdiction over this

Werner and Donna Werner regarding PHH's "forced-placed" or "lender-placed" hazard insurance policies, which are imposed as a part of their home mortgage agreements; and

Plaintiffs claiming that if a borrower fails to carry hazard insurance on the mortgaged property and to provide evidence of insurance to PHH, PHH is authorized to "force place" insurance on the property, whereby PHH independently obtains insurance and then charges borrowers amounts to purportedly pay for such insurance by diverting the borrowers' monthly mortgage payments or debiting the borrowers' escrow accounts; and

Plaintiffs claiming that this practice violates numerous federal and state laws because, among other things: borrowers have no say in the selection of the force-placed insurance carrier or the terms of the force-placed insurance policies; such policies provide less coverage and are substantially more costly than the borrowers' original policies, while providing improper, undisclosed and lucrative financial benefits to PHH

---

matter pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act (CAFA), which provides, in relevant part, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant."  Plaintiffs are citizens of Illinois and California, and PHH is a citizen of New Jersey.  Plaintiffs also assert that the Court may exercise supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367.

which are unrelated to the provision of force-placed hazard insurance; borrowers are charged retroactively for coverage before the borrowers are notified of the force-placement of the coverage; and such policies often provide unnecessary or duplicative coverage in that they are improperly backdated to collect premiums; and

    PHH having moved to dismiss plaintiffs' claims, arguing, among other things, that recent decisions in the Seventh Circuit Court of Appeals and the Central District of California, which are applicable in this case because Finch's property is located in Illinois and the Werners' property is located in California, have dismissed identical claims as advanced in this case; and

    Plaintiffs having opposed PHH's motion, arguing that their claims may proceed; and

    The Court finding that the parties' briefing has raised numerous issues aside from the standard review of the sufficiency of plaintiffs' pleading pursuant to the <u>Twombly/Iqbal</u> analysis of Rule 12(b)(6) motions, including:

    (1)  A case containing several identical claims is presently proceeding in this Court, <u>Gallo v. PHH</u>, Docket No. 12-cv-1117, and currently pending in that case is a motion to certify the action as a class action;

    (2)  This suit is advanced by citizens of Illinois and California, and those states' laws appear to be the applicable

3

law to apply, at least with regard to plaintiffs' state law claims; and

(3) For their federal law and state law based claims, plaintiffs cite to case law from cases throughout the country to support the viability of their claims; and

The Court recognizing that these issues are not instantly fatal to plaintiffs' claims, but they cause the Court to question (1) whether plaintiffs' interests, at least partially, can be protected in the Gallo case, (2) whether it is advisable for the Court to consider out-of-circuit state law claims as part of its supplemental jurisdiction discretion,[3] and (3) whether, with the numerous out-of-circuit cases that appear to advance identical claims against different mortgage companies, a uniform consensus as to the merit of plaintiffs' claims has not already been established[4];

---

[3] Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim brought before the court under § 1367(a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

[4] In addition to the cases cited in their opposition brief, plaintiffs have separately submitted three cases of "supplemental authority" in support of their claims.  It would be helpful for the parties to show how each case relied upon supports or discounts specific counts in plaintiffs' complaint, rather than generally proffering cases for their ultimate

4

Accordingly,

IT IS on this     29th     day of December, 2014

ORDERED that defendant's motion to dismiss/amended motion to dismiss [6,8] is DENIED WITHOUT PREJUDICE pending a hearing to be held on Wednesday, February 11, 2015 at 10:30am in Courtroom 3A, at which time the motion to dismiss will be reinstated.


|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |

---

conclusion.